E-filing

ORIGINAL
FILED
FEB 15 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  **J. WYNNE HERRON, ESQ., SNB 71192**
2  **JOSEPH CLAPP, ESQ., SBN 099194**
   **HERRON & HERRON**
3  18360 Sonoma Highway
   Sonoma, California 95476-4328
4  Telephone:  707/933-4430
   Facsimile:  707/933-4431
5  joeclapp@herron-herron.com
6
   Attorneys for Plaintiffs
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  JAVIER MUNOZ, an individual; STEVEN            )   Case No.          ADR
    TILLER, an individual; KEVIN LAY, an           )
12                                                 )
    individual; JAMES WYNN, an individual;         )
13  individually, on behalf of the general public, and )   C07-00970  MJJ
    on behalf of all others similarly situated,    )
14                                                 )
                                                   )
15                  Plaintiffs,                    )   **COMPLAINT FOR WAGES**
                                                   )
16  vs.                                            )
                                                   )
17  UPS GROUND FREIGHT, INC., a business           )   **CLASS ACTION**
18  entity form unknown; UPS FREIGHT, a business   )
    entity, form unknown; OVERNIGHT                )
19  TRANSPORTATION COMPANY, a business             )
    entity, form unknown; OVERNIGHT                )   **JURY TRIAL DEMANDED**
20  CORPORATION, a business entity, form           )
21  unknown; MOTOR CARGO, a business entity,       )
    form unknown,                                  )
22                                                 )   BY FAX
                                                   )
    Defendants.                                    )
23  _____       )

24

25  Plaintiffs allege:

26                       **JURISDICTION**

27          1.      Plaintiff Javier Munoz is a competent adult who was employed as a linehaul

28  truck driver operating out of defendants' terminal located in Newark, California.

2.      Plaintiff Steven Tiller is a competent adult who was and is employed as a linehaul truck driver operating out of defendants' terminal located in Fresno, California.

3.      Plaintiff Kevin Lay is a competent adult who was and is employed as a linehaul truck driver operating out of defendants' terminal located in Fresno, California.

4.      Plaintiff James Wynn is a competent adult who was and is employed as a linehaul truck driver operating out of defendants' terminal located in Fresno, California.

5.      Each of these named plaintiffs is domiciled in California.

6.      Defendants UPS Ground Freight, Inc., UPS Freight, Overnite Transportation Company, Overnite Corporation, and Motor Cargo are business entities, form unknown, which operate one of the largest motor carriers of freight in the nation. Based on information and belief, plaintiffs allege that defendants UPS Ground Freight, Inc. and UPS Freight have their principal places of business in the State of Virginia.

7.      At all relevant times, each defendant was the agent of each other defendant, and each defendant was acting within the course, scope and authority of such agency. At all relevant times, each defendant authorized and ratified each of the actions of each other defendant. At all relevant times, each defendant was the alter ego of each other defendant.

8.      The aggregated claims of the individual class members, exclusive of interest and costs, exceeds the amount of $5,000,000.00. This court has jurisdiction of this class action lawsuit pursuant to 28 U.S.C. §1332(d)(2)(A).

## CLASS ALLEGATIONS

9.      At all relevant times, defendants have maintained a policy about the payment of wages when linehaul drivers are delayed from beginning their routes from terminals until after their planned departure times. In pertinent part, the policy states that defendants will not pay a driver any wages for the first hour that the driver waits to depart from a terminal.

10.      The individual plaintiffs bring this action for themselves, for the general public, and for all persons similarly situated. For purposes of the first cause of action the class of all persons similarly situated is composed of all of defendants' current or former linehaul drivers. This class will be referred to as the "nationwide" class. For purposes of the remaining causes of action, the

subclass of all persons similarly situated is composed of all of defendants' current or former linehaul drivers who reside in California. This subclass will be referred to as the "California" subclass.

11.    The identities of these linehaul drivers are readily ascertainable from defendants' time and payroll records. The dates and times that they departed from terminals are readily ascertainable from defendants' records. The nationwide class is composed several thousand individuals, and the California class is composed of more than 100 individuals. The numbers of persons in the two classes are so large that joinder of all such persons is impracticable, and the disposition of their claims in class actions would benefit the parties and the Court.

12.    There is a well-defined community of interest in the questions of law and fact respecting the parties to be represented, and these questions predominate over individual issues. Proof of a common or single state of facts will establish the right of each member of the classes to recover.

13.    The claims of the named plaintiffs are typical of the claims of the classes.

14.    The named plaintiffs will fairly and adequately protect the interests of the classes. The named plaintiffs have no interests which are antagonistic to the interests of the classes. Class counsel is well-qualified to conduct this litigation.

15.    The prosecution of separate actions by individual members of the classes would create a risk of adjudications with respect to individual members which would, as a practical matter, dispose of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

16.    The defendants have acted on grounds generally applicable to the classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the classes.

17.    The questions of law or fact common to the members of the classes predominate over any questions affecting only individual members. A class action is superior to any other available method for the fair and efficient adjudication of this matter.

/ / /

/ / /

-3-

Munoz v. UPS Ground Freight, Inc.
Complaint for Wages

18.     Individual members of the classes have little interest in individually controlling the prosecution of separate actions because the amount of attorney's fees necessary to prosecute individual claims would likely dwarf the amounts that might be recovered.  There is no known litigation yet commenced concerning this controversy.  It is desirable to concentrate this litigation in this forum because defendants' obligations and liability to the named plaintiff Javier Munoz arose out of his employment in Alameda County, California.  There are no known unusual difficulties likely to be encountered in managing these class actions.

## FIRST CAUSE OF ACTION
### (Nationwide Class)
### [Quantum Meruit – Delay Time]

19.     Plaintiffs incorporate paragraphs 1 through 18 as though fully set forth herein.

20.     The class members frequently performed services for defendants by waiting at defendants' terminals after their planned departure times.  Defendants did not pay the class members for the first hour that they waited.  Defendants owe the class members the reasonable value of these services.  This reasonable value is the class member's normal hourly pay rate multiplied by the fraction of the hour that the class member waited.

WHEREFORE, plaintiffs pray for judgment against defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (California Subclass – Delay Time)
### [Business & Professions Code §17200 *et seq.*]

21.     Plaintiffs incorporate paragraphs 1 through 20 as though fully set forth herein.

22.     The California subclass members frequently performed services for defendants by waiting at defendants' terminals after their planned departure times.  Defendants did not pay the California subclass members for the first hour that they waited.  Defendants owe the California subclass members the reasonable value of these services.  This reasonable value is the California subclass member's normal hourly pay rate multiplied by the fraction of the hour that the subclass member waited.

WHEREFORE, plaintiffs pray for judgment against defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (California Subclass – Rest Period Time)
#### [Business & Professions Code §17200 *et seq.*]

23.     Plaintiffs incorporate paragraphs 1 through 22 as though fully set forth herein.

24.     Defendants frequently failed to pay the California subclass members for the rest period time mandated by California Industrial Welfare Commission Wage Order 9, Section 12. Defendants owe the California subclass members the reasonable value of these services. This reasonable value is the California subclass member's normal hourly pay rate multiplied by the fraction of the hour that the subclass member should have taken as rest breaks.

WHEREFORE, plaintiffs pray for judgment against defendants as hereinafter set forth.

### FOURTH CAUSE OF ACTION
#### (California Subclass)
#### [Violation of Labor Code §226.7]

25.     Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

26.     Defendants frequently failed to provide rest periods to California subclass members as required by Wage Order 9, Section 12 of the California Industrial Welfare Commission.

27.     Defendants frequently failed to pay the California subclass members one additional hour of pay for each work day that defendants failed to provide the rest periods.

WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION
#### (California Subclass)
#### [Labor Code §226 Penalties]

28.     Plaintiff incorporates paragraphs 1 through 27 as though fully set forth herein.

/ / /

/ / /

29.    Defendants frequently failed to furnish the California subclass members with an itemized statement in writing on their paydays that accurately showed their gross and net wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employees, and the name and address of the legal entity that employed the class members.

30.    Defendants knew that they were required to furnish the California subclass members with an itemized statement in writing showing the matters described above.  Defendants intentionally and deliberated failed to furnish this itemized statement in order to conceal their liability from the California subclass members.

31.    As a result, the California subclass members suffered injuries.

WHEREFORE, plaintiffs pray for judgment against defendants as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(California Subclass)**
**[Labor Code §203 Penalties]**

32.    Plaintiff incorporates paragraphs 1 though 31 as though fully set forth herein.

33.    Upon the termination of the employment of California subclass members, defendants frequently failed to pay the California subclass members all the wages that were due.

WHEREFORE, plaintiff prays for judgment against defendants as hereinafter set forth.

### PRAYER

Plaintiffs pray for judgment as follows:

1.    For the payment of the wages due on the first, second, and third causes of action;

2.    For the payment of one additional hour of pay for each violation on the fourth cause of action;

/ / /

3.  For the payment of the penalties described in Labor Code §226(e) on the fifth cause of action;

4.  For the payment of the penalties described in Labor Code §203 on the sixth cause of action;

5.  For interest due;

6.  For declaratory and injunctive relief;

7.  For reasonable attorney's fees and costs; and

8.  For such other and further relief as the Court may deem proper.

DATED: February 15, 2007                    HERRON & HERRON


                                            By: _Joseph Clapp /s/_
                                               JOSEPH CLAPP, ESQ.
                                               Attorneys for Plaintiffs


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: February 15, 2007                    HERRON & HERRON


                                            By: _Joseph Clapp /s/_
                                               JOSEPH CLAPP, ESQ.
                                               Attorneys for Plaintiffs

UPSFreight/pld/Complaint