United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MUNOZ, et al., | No. C07-00970 MJJ |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER AND DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| UPS GROUND FREIGHT, INC., et al., | |
| Defendants. | |

## INTRODUCTION

Before the Court is a Motion to Transfer Venue ("Transfer Motion") pursuant to 28 U.S.C. § 1404(a) brought by UPS Ground Freight, Inc, UPS Freight, Overnight Transportation Company, Overnight Corporation, and Motor Cargo ("Defendants").[1] The Transfer Motion requests moving this labor action brought by four individual Plaintiffs from this district to the Eastern District of California. Also before the Court is Defendants' Motion to Dismiss ("Dismiss Motion") the first cause of action in quantum meruit under Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiffs oppose both motions. For the reasons stated below, the Court **DENIES** Defendants' motion to transfer and **DENIES** Defendants' motion to dismiss.

## FACTUAL BACKGROUND

Plaintiffs Javier Munoz, Steven Tiller, Kevin Lay, and James Winn are current and former

---

[1] Docket No. 12.

[2] Docket No. 15.

linehaul truck drivers for UPS Ground Freight, Inc. (formerly Overnite Transportation Company and Motor Cargo). (Pls.' First Am. Compl. ("FAC")[3] ¶¶ 1-4.) Plaintiff Munoz formerly operated out Defendants' local terminal in Newark, California in Alameda County, while the remaining plaintiffs currently operate out of Defendants' local terminal in Fresno, California in Fresno County. (*Id.*) All causes of action in this suit arise out of Plaintiffs' employment with Defendants at both terminals. (*See Id.* ¶¶ 1-4, 7, 18.) On April 10, 2007, Plaintiffs filed their first amended complaint in this Court. In their first cause of action, Plaintiffs seek recovery in quantum meruit for the reasonable value of their unpaid services rendered while waiting at Defendants' terminals after planned departure times. (*Id.* ¶ 20.) Plaintiffs allege that Defendants maintain a policy not to pay drivers for their time spent waiting when delayed from departing their local terminal on time. (*Id.* ¶ 9.) With respect to this quantum meruit claim, Plaintiffs also seek to represent a nationwide class of former and current linehaul drivers.

In their other causes of action Plaintiffs seek penalties and back wages under various California statutes. (*Id.* ¶¶ 21-41.) In particular, Plaintiffs allege that Defendants failed to: 1) pay Plaintiffs wages for delay time; 2) pay Plaintiffs for mandated rest periods; 3) provide the required rest periods; 4) furnish Plaintiffs with certain itemized wage statements; and 5) pay Plaintiffs all wages due after termination. (*Id.*) Plaintiffs seek to represent a statewide subclass of current and former linehaul drivers with respect to these claims premised on California statutes. (*Id.* ¶ 10.)

On May 7, 2007, Defendants filed two motions with this Court. Defendants move both to transfer this action to the Eastern District of California, and to dismiss in part the first cause of action in Plaintiffs' First Amended Complaint.

**LEGAL STANDARD**

**A.   Motion to Transfer Venue**

28 U.S.C. § 1404(a) authorizes a court to transfer a case to another district: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Ordinarily, a plaintiff's choice of forum holds substantial weight, and courts will not grant a

---

[3]Docket No. 7.

2

1  motion under § 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of
2  transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002); *see*
3  *also Piper Aircraft v. Reyno*, 454 U.S. 235, 249 (1981); *Decker Coal Co. v. Commonwealth Edison*
4  *Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Under § 1404(a), the moving party has the burden of
5  showing that the balance of conveniences weighs heavily in favor of transfer in order to overcome
6  the strong presumption in favor of the plaintiff's choice of forum. *See Decker Coal*, 805 F.2d at 843;
7  *Piper Aircraft*, 454 U.S. at 249.

8  A motion for transfer pursuant to § 1404(a) lies within the discretion of the Court. *Jones v.*
9  *GNC Franchising*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant such a motion
10 turns on the facts of the particular case. *See id*. In reviewing a motion to transfer, the Court may
11 consider the following factors to determine whether transfer is appropriate: (1) the plaintiff's choice
12 of forum; (2) convenience to the parties; (3) convenience to the witnesses; (4) ease of access to the
13 evidence; (5) familiarity of each forum to the applicable law; (6) the feasability of consolidation
14 with other claims; (7) any local interest in the controversy; (8) the relative court congestion and time
15 of trial in each forum. *See id.*; *Decker Coal*, 805 F.2d at 843.

16 **B.     Motion to Dismiss**

17 A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal
18 sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a
19 Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the
20 Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*
21 *Network*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff
22 has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable
23 legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir.
24 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean*
25 *Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In considering a Rule 12(b)(6) motion, the
26 Court accepts the plaintiff's material allegations in the complaint as true and construes them in the
27 light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).
28 /

3

# ANALYSIS

**A.    Motion to Transfer**

### 1.    Threshold "Might Have Been Brought" Requirement

As a threshold issue, § 1404(a) limits transfer to courts where the action could have been brought. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). To qualify, the transferee court must have: 1) been able to exercise personal jurisdiction over the defendants; 2) had subject matter jurisdiction over the claim; and 3) been a proper forum. *See id.*

Here, Plaintiffs could have brought the action in the transferee court, the Eastern District of California. A significant portion of the suit involves Defendants' contacts with the three of the four Plaintiffs who are employed in the Eastern District of California. (FAC ¶¶ 2-4, 9-10.) This not only subjects Defendants to personal jurisdiction in the Eastern District, but also makes venue proper there under 28 U.S.C. § 1391(c). Because there is also minimal diversity between the parties and the class action claims seek an amount in excess of five million dollars, the Court maintains subject matter jurisdiction over the action under 28 U.S.C. § 1332(d). Therefore, since the action "might have been brought" in the Eastern District, this Court must consider whether the transfer would properly serve the "convenience of the parties and witnesses" in the "interest of justice."

### 2.    Convenience and Interest of Justice Factors

The burden falls on the moving party to demonstrate that matters of convenience and the interest of justice weighs heavily in favor of transfer. *Decker Coal*, 805 F.2d at 843. Thus, Defendants must show that the Eastern District of California is a substantially superior forum to prevail on its Transfer Motion. That a single factor points to a particular forum is generally not enough, by itself, to warrant transfer. The circumstances surrounding the case, on the whole, must form a sufficient basis for transferring the current action to the Eastern District of California. Based on the following considerations, this Court finds Defendants do not meet their burden.

#### a.    Plaintiff's Choice of Forum

In moving to transfer, Defendants must overcome a strong presumption in favor of Plaintiffs' choice of forum. *See Piper Aircraft*, 454 U.S. at 255. Yet a plaintiff's choice of forum is not, by itself, the final word. *Pac. Car and Foundry v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). A

4

plaintiff's choice deserves less deference if the venue is not plaintiff's residence or the forum lacks a meaningful connection to the conduct alleged. *Fabus Corp. v. Asiana Express*, No. 00-3172, 2001 WL 253185, at *4 (N.D. Cal. Mar. 5, 2001). Also, when a plaintiff brings suit on behalf of a class, his or her choice carries less weight if the operative facts did not occur in the chosen forum. *Lou v. Bezlberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Defendants contend that Plaintiffs' choice deserves little consideration in this case. Because three of the four Plaintiffs live and work in the Eastern District, their choice of forum should not deserve substantial weight. (*See* Transfer Motion at 8.) Defendants also contend the nature of the case, as a proposed class action, favors transfer because more potential class members are located in the Eastern District. (*See id.*)

These arguments do not persuade the Court.[4] One named Plaintiff lives and works in the chosen forum, and the action arises directly out of Defendants' conduct towards him. (*See* FAC ¶ 18.) While courts may give less weight to class actions brought by plaintiffs in unrelated forums, the alleged activities here took place in terminals in both the Eastern and Northern District. That the terminal in the chosen forum is smaller does not make the operative facts stemming from it any less important.[5] Therefore, the Court finds no reason to apply a residence or class action exception and will give the Plaintiffs' choice of forum considerable deference.

### b. Convenience of the Parties

Convenience of the parties is an important factor to consider for transfer of venue. *Jarvis v. Marietta Corp.*, No. 98-4951, 1999 U.S. Dist. LEXIS 12659, at *10 (N.D. Cal. Aug. 12, 1999). This includes balancing the relative costs of litigating in the two forums. *GNC Franchising*, 211 F.3d at 498-99. Defendants contend the Eastern District is more convenient for its management and human

---

[4] Defendants also claim there is only an "attenuated connection" to the chosen forum. (*See* Transfer Motion at 6.) The Court disagrees, given that the complaint directly alleges liability for activities occurring in the Northern District.

[5] Defendants also suggest that Plaintiffs engaged in forum shopping by bringing the action in the Northern District. (*See* Transfer Motion at 9.) However, Defendants do not provide any specific reasoning or evidence substantiating this contention.

5

resource employees located in Ontario. (*See* Transfer Motion at 7 (*citing* Hoelting Decl. ¶¶ 6-7, 9)[6].) Defendants, though, do not explain why the Court should focus on these particular employees rather than those already located in the chosen forum. Overall, the evidence before the Court does not show that transfer would make litigation more convenient for the parties.[7]

### c. Convenience of the Witnesses

Convenience of witnesses is an even more important factor in determining a motion to transfer. *See Jarvis*, 1999 U.S. Dist. LEXIS 12659 at *11. In particular, primary consideration goes to convenience of third-party witnesses other than employees. *Id.* at *13. "Additionally, in cases where transfer is based on the convenience of witnesses, courts usually require that the party seeking transfer designate: (1) the key witnesses to be called, (2) where these witnesses are located, (3) a general statement of what their testimony will cover, and (4) why such testimony is relevant or necessary." *Edwards v. Mallory*, No. 96-2059, 1996 WL 681973, at *1 (N.D. Cal. Nov. 18, 1996).

Both parties dispute the key witnesses to the case. Plaintiffs contend only the Defendants' directors responsible for establishing the policies, who likely reside in Virginia, are necessary to adjudicate the action and that their convenience would be unaffected by transfer. (*See* Transfer Opp. at 4). Defendants respond that the testimony of current or former employees who implemented and observed the policies in action is most relevant to substantiating Plaintiffs' claims. (*See* Defs.' Reply to Transfer Motion ("Transfer Reply") at 3). Because more of these persons likely reside in the Eastern District than in this district, Defendants contend that it would be more convenient to litigate there.

Even assuming Defendants are correct in their assertion, they still fail to meet their burden. Defendants do not identify specifically any witnesses that will be called and the inconvenience they

---

[6] In their opposition, Plaintiffs object to Hoelting's Declaration on grounds it violates the Federal Rules of Evidence. (Pls.' Opp'n to Transfer Motion ("Transfer Opp.") n.2.) The Court **OVERRULES** Plaintiffs' objections. Despite Plaintiffs' contention, Hoelting did not testify as to actual conduct performed at local terminals but rather to the organization and responsibilities of supervisors there. Such testimony satisfies the personal knowledge requirement. *See* Fed. R. Evid. 602. In addition, the Court concludes Hoelting's statements are based on his own observations as an employee and are not hearsay. *See* Fed. R. Evid. 802.

[7] Plaintiffs argue that increased travel time for their lawyers would substantially increase litigation costs. (Transfer Opp. at 2-3.) Courts, however, generally do not give much weight to the convenience to parties' counsel as a factor in deciding whether to transfer. *See Jarvis*, 1999 U.S. Dist. LEXIS 12659 at *10-11.

6

1 will face if transfer is denied. Defendants have not provided any evidence that there are more
2 former employees, i.e. third-party witnesses, with relevant testimony in the Eastern District than in
3 the Northern District. Instead, Defendants have only speculated as to the likely location of key
4 witnesses and their status as employees. Because Defendants provide insufficient information to
5 conclude transfer would be more convenient for witnesses, this Court cannot justify granting the
6 Motion on this ground.[8]

### d.  Local Interest in the Controversy

Another factor affecting the interest of justice is the "local interest in having localized controversies decided at home." *Decker Coal,* 805 F.2d at 843 (internal citations omitted).

Defendants argue the Eastern District has a greater local interest in the litigation than the Northern District. (Transfer Motion at 9.) Defendants base this claim on the fact that more plaintiffs and potential class members work and reside in the Eastern District. (*Id.*) Plaintiffs respond that the claim, as a proposed nationwide and statewide class action, maintains a broad interest well beyond the Eastern District. (Transfer Opp. at 6.) The Court agrees with Plaintiffs. If certified, the activities alleged in Plaintiffs' Complaint would affect current and former employees located throughout the nation or the state of California. Even if not certified, this Court cannot conclude that the Eastern District has a greater interest in providing a remedy for its resident workers than the Northern District. Thus, this Court finds this factor does not counsel transfer.

### e.  Relative Court Congestion

The relative congestion of the transferee court also affects whether a transfer would be just. *Decker Coal,* 805 F.2d at 843. Plaintiffs point out that the Eastern District has twice as many pending cases per judge and takes more time on average to dispose of cases. (Transfer Opp. at 7.) While Defendants are correct in noting such congestion is not dispositive (Transfer Reply at 7-8), this factor helps to confirm the Court's conclusion that transfer would not be appropriate in this

---

[8] Another factor affecting the convenience determination is the ease of access to the evidence. However, neither side argues location of the forum affects the introduction of any evidence other than witnesses testimony.

7

1  case.[9]

2  As the examination of the factors above illustrates, Defendants have failed to meet their
3  relevant burden of proof. The Court finds no sufficient reason to transfer this action to the Eastern
4  District of California under § 1404(a).

### B.   Motion to Dismiss - Quantum Meruit

To survive a motion to dismiss, a plaintiff must assert a cognizable legal theory or allege sufficient facts under a cognizable legal theory. *See SmileCare,* 88 F.3d at 783. However, in asserting cognizable legal theory, the federal courts only require that the plaintiff make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short plain statement only need convey "a fair idea of what the plaintiff is complaining" and that there is some "legal basis for recovery." *Davis v. Passman*, 442 U.S. 228, 238 n.15 (1979).

Plaintiffs' claim for quantum meruit meets this liberal notice pleading standard. In stating the cause of action, Plaintiffs' complaint prays for the "reasonable value" of Plaintiffs' services for "waiting at [D]efendants' terminals after [Plaintiffs'] planned departure times." (FAC ¶ 20.). This paragraph identifies both the legal basis for recovery, quantum meruit, and the relief sought, "the fraction of the hour that the [Plaintiff] waited." (*Id.*)

Defendants do not contend that Plaintiffs have failed to meet the notice pleading requirements of Rule 8. Rather, Defendants challenge the pleading on grounds that the company policy referred to in the complaint (FAC ¶ 9) negates any possibility of recovery. However, such a determination must inevitably turn on the substantive merits of the action and is therefore inappropriate at the 12(b)(6) stage. Therefore the Court finds no reason to dismiss Plaintiffs' quantum meruit cause of action for failure to state a claim.

/
/
/

---

[9]Other factors affecting the interest of justice include the familiarity of each forum with the applicable law and the feasibility of consolidation with other claims. Because: 1) both Districts reside in California and will apply California law and; 2) Defendants do not challenge Plaintiffs' assertion there is no known litigation addressing this controversy (*See* FAC ¶ 18), these factors do not affect the outcome of the Transfer Motion.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Transfer and **DENIES** Defendants' Motion to Dismiss Plaintiffs' First Cause of Action.

**IT IS SO ORDERED.**

Dated: 6/18/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

9